JUDGE'S COPY

copy
unable to
remail
n/a
23

FILED
HARRISBURG, PA

JAN 16 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

RETURN TO SENDER

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Move



Moved Left No Address

Timothy Lee Zeiders -
The Helmsman Program
611 Reily Street
#312
Harrisburg, PA  17102


Re: 1:00-cv-00338

------------------------------


------------------------------

Please file all pleadings directly with the Clerk's Office in which the assigned Judge is located.  Do not file any courtesy copies with the Judge's Chambers.

| JUDICIAL OFFICERS: | CLERK'S OFFICE ADDRESS: |
| --- | --- |
| Judge Sylvia H. Rambo<br>Judge Yvette Kane<br>Judge William W. Caldwell<br>Magistrate Judge J. Andrew Smyser | U.S. District Court<br>  228 Walnut Street<br>P.O. Box 983<br>Harrisburg, PA  17108 |
| Chief Judge Thomas I. Vanaskie<br>Judge A. Richard Caputo<br>Judge James M. Munley<br>Judge William J. Nealon<br>Judge Richard P. Conaboy<br>Judge Edwin M. Kosik<br>Magistrate Judge Raymond J. Durkin<br>Magistrate Judge Thomas M. Blewitt | U.S. District Court<br>235 N. Washington Ave.<br>  P.O. Box 1148<br>Scranton, PA  18501 |
| Judge James F. McClure<br>Judge Malcolm Muir | U.S. District Court<br>240 West Third Street<br>Suite 218<br>Williamsport, PA  17701 |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY LEE ZEIDERS,          :
                              :
        Plaintiff             :
                              :
    v.                        :   CIVIL NO. 1:CV-00-0338
                              :
DAUPHIN COUNTY PRISON, ET AL.,:   (Judge Caldwell)
                              :
        Defendants            :

MEMORANDUM

I. Introduction.

   Timothy Lee Zeiders filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by prison guards and refused medical treatment. Plaintiff was previously granted in forma pauperis status. Named as defendants are the Dauphin County Prison and three of its employees, correctional officers John Frye Jr. and Matthew Burns, and an employee of the prison's medical department, David Zug. Zeiders is also proceeding against the Harrisburg Hospital and one of its security guards, Paul Heckman.

   We are considering three motions to dismiss, the first by defendant Zug; the second by defendants Burns, Dauphin County Prison and Correctional Officer Frye; and a third by the remaining defendants, Harrisburg Hospital and Paul Heckman (Doc. 13).

II. Background.

Plaintiff's complaint alleges in its entirety as follows:

1. I was assaulted by John Frye when I requested Medical assistance. He knees (sic) me in the groin three times and other physical assaults on me.

2. I was slammed into cinder brick wall and was knocked unconscious. I was beaten and verbally assaulted by at least 8 other guards.

3. I was medicated and refused proper medical treatment by Mr. Zug and the nursing personnel.

Doc. 1, ¶ IV.

III. Discussion.

A. Standard of Review.

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). A court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

2

B. <u>The Motion to Dismiss Filed by Dauphin County Prison, Frye and Burns</u>.

The initial argument asserted by the these defendants is that the Dauphin County Prison "is a building and can not be sued." (Doc. 12, page 1). The defendants are correct in asserting that a prison or correctional facility is not a person within the meaning of § 1983. See <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973); <u>Philogene v. Adams County Prison</u>, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.) <u>Sponsler v. Berks County Prison</u>, 1995 WL 92370, at *1 (E.D. Pa.); <u>Gonzalez v. Lancaster County Prison</u>, 1995 WL 46697, at *1 (E.D. Pa.); <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Since it is not a proper defendant, the Dauphin County Prison is entitled to a dismissal.

The motion next contends that "there is no person named John Frye Jr. employed at the Dauphin County Prison." (Doc. 12, page 1). Plaintiff's opposing brief does not dispute the argument that there is no Correctional Officer John Frye Jr. employed at the Dauphin County Prison. Consequently, the claims against that defendant will be dismissed.

With respect to Defendant Burns, the defendants argue that the complaint does not allege involvement by Burns in any unconstitutional acts. To state a viable § 1983 claim, a plaintiff

3

must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

As noted earlier, plaintiff's allegations are set forth in three brief paragraphs. A review of his pleading reveals no allegations of participation or acquiescence by Burns in unconstitutional conduct. However, Zeiders' opposing brief does set forth various factual averments alleging that Burns was directly involved in the purported excessive use of force. See Doc. 21, pages 7-9. Since those allegations are not contained in the complaint, they have not been properly raised. However, Plaintiff will be granted leave to file an amended complaint setting forth these allegations against Burns.

    C.   The Motion to Dismiss of Harrisburg Hospital and Heckman.

Harrisburg Hospital and its security officer Heckman argue that they are entitled to dismissal of the complaint because there are no assertions that either defendant was acting under color of state law or had involvement in any unconstitutional actions. They

4

also argue that Harrisburg Hospital cannot be sued under § 1983 because of its supervisory capacity over Heckman.

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207. Consequently, under Hampton, plaintiff's action is meritless to the extent it attempts to assert liability against the Harrisburg Hospital as a result of conduct by Heckman.

Second, based on a review of Zeiders' allegations, there are simply no facts alleged in the complaint which could establish that the moving defendants were either acting under color of state law or engaged in any constitutional violations. It is additionally noted that while Zeiders' opposing brief does include assertions of mistreatment by members of the Harrisburg Hospital security staff, there is no mention of defendant Heckman, nor are there any

5

averments showing that any member of the hospital staff acted under color of state law. The court will therefore grant the motion to dismiss of Harrisburg Hospital and Heckman.

D. Zug's Motion to Dismiss.

The remaining defendant, David Zug, asserts that he is entitled to dismissal because plaintiff's general allegation that he was medicated and refused proper medical treatment by Zug sets forth at best a claim of negligent care and is therefore insufficient for purposes of § 1983.

Under Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff can assert a civil rights claim based on medical treatment received in prison. However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Id. at 104 (citation omitted). The Third Circuit has held that not every injury or illness enjoys constitutional protection; only serious medical needs are actionable. Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). And deliberate indifference requires that a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). Thus, a complaint that a physician or a medical department "has been

6

negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). If inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id.

In his opposing brief, Zeiders asserts that Zug, a member of the Dauphin County Prison medical staff, "voluntarily medicated" him "with controlled substance medications" which directly affected his mental process. (Doc. 21, page 2). Plaintiff further states that "Zug conspired to inappropriately medicate Mr. Zeiders for the sole purpose of satisfying his personal diagnosis of the plaintiff's medical condition." Id. His opposing brief adds that the moving defendant also conspired to have the plaintiff involuntarily committed to a psychiatric facility.

As noted earlier, any allegations, such as the above vague assertions of conspiracy which were not included in the complaint, are not properly raised before this court. Second, and most

7

important, the conclusory claims of conspiracy raised in plaintiff's opposing brief are inadequate for the purposes of § 1983 in any event.[1]  Finally, the alleged inadequate medical care asserted in both the complaint and opposing brief constitute claims of negligence at best, which, under Estelle, are insufficient for purposes of § 1983 litigation.  It is particularly noted that Zeiders acknowledges receiving treatment from Zug.  Thus, this is not a case where an inmate plaintiff alleges that medical care was denied or intentionally delayed.  On the contrary, plaintiff's claims constitute disagreement over the treatment provided, or recommended by Zug, or both.  Defendant Zug's motion to dismiss will therefore be granted.

---

[1] To set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366.  Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

   Viewing the complaint in the light most favorable to Zeiders, we conclude that plaintiff has failed to state a viable conspiracy claim against Zug or any other defendant.  There are simply no averments of fact in the complaint that reasonably suggest the presence of an agreement or concerted activity involving any defendant to violate plaintiff's civil rights.

8

We will enter an appropriate order.

*[signature]*
WILLIAM W. CALDWELL
United States District Judge

DATED: January 2, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY LEE ZEIDERS, :
:
    Plaintiff :
:
v. : CIVIL NO. 1:CV-00-0338
:
DAUPHIN COUNTY PRISON, ET AL., : (Judge Caldwell)
:
    Defendants :

FILED
HARRISBURG, PA

JAN 2 - 2001

MARY E. D'ANDREA, CLER
Per _____
    Deputy Clerk

O R D E R

AND NOW, this 2nd day of January, 2001, it is ordered that:

1. Defendant Zug's motion to dismiss (doc. 8) is granted.

2. Defendants Harrisburg Hospital and Heckman's motion to dismiss (doc. 13) is granted.

3. Plaintiff's motion to compel discovery from Harrisburg Hospital and Dauphin County Prison (doc. 15) is denied as moot.

4. Defendants Dauphin County Prison, Frye and Burns' motion to dismiss (doc. 11.) is granted. However, the plaintiff is granted leave to file an amended complaint against defendant Burns setting forth specific factual allegations that Burns used excessive force against the plaintiff. The amended complaint must be an entirely new pleading that stands on its own. It cannot be simply a supplement to the original complaint.

5. The plaintiff shall comply with paragraph 4 of this order within 20 days or this action will be dismissed.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge